## WOLLMUTH MAHER & DEUTSCH LLP
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

———————

TELEPHONE (212) 382-3300

October 6, 2022

Honorable Paul G. Gardephe
United States District Court for the SDNY
40 Foley Square
New York, New York 10007

   Re: *Wilson & Wilson Holdings LLC, v. DTH, LLC*, 1:22-cv-02941-PGG

Dear Judge Gardephe:

  We represent Defendant DTH, LLC in the above-referenced matter and write as directed by the Court to advise the Court as to whether DTH intends to file a motion to dismiss in response to Plaintiff's Amended Complaint filed on September 22, 2022 (ECF 34) and to advise the Court of any settlement discussions that might warrant a stay of discovery in this matter.

  The Amended Complaint dramatically altered the nature of this action. It purports to add two additional Defendants, Ryan Hickman and Tomer Dicturel, and four separate causes of action against them including claims for negligent misrepresentation, fraudulent inducement, promissory estoppel, and unjust enrichment.[1] The Amended Complaint also attempts to assert a meritless veil piercing theory, apparently in an effort to establish jurisdiction over these two individuals, who both reside outside the state and were not parties to the Technology Assets Purchase Agreement ("APA") at issue in this case. Mr. Dicturel has agreed to waive service of process, subject to his right to assert all jurisdictional defenses, and his time to respond to the Amended Complaint is December 2, 2022 (ECF 41). We do not know whether Mr. Hickman has been served.

  The Amended Complaint dropped Plaintiff's indisputably meritless claims against DTH for breach of the Transition Services Agreement, breach of the covenant of good faith, negligent misrepresentation, and for breach or N.Y. Gen. Bus. Law § 349. The only remaining claims asserted against DTH are for breach of the APA and related Restrictive Covenant. Although DTH disputes that Plaintiff has sufficiently stated a claim for breach of the APA or Restrictive Covenant, DTH is mindful of the guidance provided by the Court during the initial conference

---

[1] DTH submits this letter solely on its own behalf and does not purport to speak for any other defendant in this case or preview any arguments that those defendants intend to make in this case.

and has no desire to waste judicial or party resources on motion practice that the Court has indicated is unlikely to further streamline issues. Accordingly, DTH does not intend to file a motion to dismiss and will reserve its arguments for an appropriate post-answer motion.

DTH submits, however, that the Court should not enter Plaintiff's proposed case management order at this time because Plaintiff's Amended Complaint has fundamentally altered the nature of this action by adding additional parties and claims. There are serious jurisdictional questions that need to be answered before we know whether Plaintiff can even proceed against these additional defendants. And even if the Court concludes that the Court has jurisdiction over the additional defendants, the Amended Complaint asserts four separate counts against these defendants, including a fraud count that is indisputably subject to more stringent pleading rules. Plaintiff has already withdrawn four meritless counts that appeared in the initial Complaint. It is likely that all or some of the counts against the new defendants are dismissed as well. If Plaintiff truly believed it had a legitimate claim to jurisdiction and sufficient support for claims against Messrs. Hickman and Dicturel, we submit that Plaintiff would have, and should have, included those claims in the initial Complaint.

Even if the Court ultimately allows claims against the other defendants to proceed, there would be multiple discovery periods in this case if the Court enters Plaintiff's case management order now because that order does not apply to the other defendants. It would be far more efficient to proceed with discovery against all defendants in one single phase. Plaintiff will not be prejudiced by further abeyance of discovery. Any delay is a problem of Plaintiff's own making. It could have attempted to add the claims against Messrs. Hickman and Dicturel in the initial Complaint, but it chose not to do so.

The parties have engaged in preliminary discussions concerning the possibility of a settlement of this matter. An abeyance of discovery would also allow the parties to further explore the possibility of a settlement as there is a greater incentive to settle before the parties expend additional resources on costly discovery. We have conferred with counsel for Plaintiff and have been advised that Plaintiff will not consent to any pause of discovery, including for the purpose of pursuing settlement talks. Plaintiff has further indicated that it does not consent to DTH's request to provide DTH until December 2, 2022 to file its Answer. We submit such an extension would be appropriate because it would align DTH's time to answer with the response date for at least one of the other defendants in the case. It would also allow DTH to avoid additional costs while the parties explore the possibility of settlement.

Accordingly, DTH respectfully requests that this Court: (i) refrain from entering any case management order that provides for the commencement of discovery before the aforementioned issues relating to the addition of new parties and claims to this action are resolved; and (ii) allow DTH until December 2, 2022 to file its Answer to the Amended Complaint.

Respectfully submitted,

*/s/ Steven S. Fitzgerald*
*Counsel for DTH, LLC*