UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x   Case No. 1:22-CV-02941-PGG-SDA
WILSON & WILSON HOLDINGS LLC,

       Plaintiff,

v.

DTH, LLC, TOMER DICTUREL, and
RYAN HICKMAN,

       Defendants.
------------------------------------------------------x

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JURISDICTIONAL DISCOVERY

QUARLES & BRADY LLP

By: /s/ *Gabriela N. Timis*
Joseph T. Kohn, Esq.
SBN 5001136
Gabriela N. Timis, Esq.
(*Admitted Pro Hac*)
1395 Panther Lane, Suite 300
Naples, FL  34109
Tel.: (239) 659-5028
Fax: (239) 213-5426
joseph.kohn@quarles.com
gabriela.timis@quarles.com
debra.topping@quarles.com
kerlyne.luc@quarles.com
docketfl@quarles.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ....................................................................................................... 3

I.   PROCEDURAL BACKGROUND ................................................................................. 5

II.  MEMORANDUM OF LAW .......................................................................................... 6

   A.   LEGAL STANDARD .......................................................................................... 6

      1. The District Court has discretion to determine whether a plaintiff is entitled to jurisdictional discovery and the plaintiff is not required to make a *prima facie* showing of personal jurisdiction ............................................................. 6

      2. There are several independent grounds under which the District Court can exercise personal jurisdiction. ........................................................................ 7

III. ARGUMENT ................................................................................................................ 10

   A.   Plaintiff has, at a minimum, made a sufficient start toward establishing the Court's personal jurisdiction over Dicturel under the veil-piercing or alter ego doctrines, and jurisdictional discovery will aid the Court in its analysis of Dicturel's forthcoming motion to dismiss ........................................................................................... 10

   B.   Jurisdictional discovery will also aid the Court in analyzing whether it has personal jurisdiction over Dicturel independent of Plaintiff's veil-piercing claims ............... 13

IV.  CONCLUSION ............................................................................................................. 17

CERTIFICATE OF SERVICE .................................................................................................. 18

# **TABLE OF AUTHORITIES**

**Cases**

*APWU v. Potter*,
    343 F.3d 619 (2d Cir. 2003) ...................................................................................... 6, 7

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
    305 F.3d 120 (2d Cir. 2002) ...................................................................................... 8, 9

*Browning v. Lewis*,
    No. 5:04-CV-01312, 2005 WL 3591863 (N.D.N.Y. Dec. 30, 2005) .............................. 14

*CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC*,
    No. 121CV01395PGGSDA, 2022 WL 18859076 (S.D.N.Y. Dec. 10, 2022) .. 7, 10, 11, 13

*City of Almaty v. Ablyazov*,
    278 F. Supp. 3d 776 (S.D.N.Y. 2017) ......................................................................... 7, 11

*Daventree Ltd. v. Republic of Azerbaijan*,
    349 F. Supp. 2d 736 (S.D.N.Y. 2004) .......................................................................... 7, 14

*Ehrenfeld v. Mahfouz*,
    489 F.3d 542 (2d Cir. 2007) ........................................................................................ 7

*Greer v. Carlson*,
    No. 120CV05484LTSSDA, 2020 WL 6064167 (S.D.N.Y. Oct. 14, 2020) ........... 6, 13, 16

*HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*,
    No. 20-CV-00967, 2021 WL 918556 (S.D.N.Y. Mar. 10, 2021) ...................................... 8

*In re Magnetic Audiotape Antitrust Litig.*,
    334 F.3d 204 (2d Cir. 2003) ........................................................................................ 7

*Kinetic Instruments, Inc. v. Lares*,
    802 F. Supp. 976 (S.D.N.Y. 1992) ............................................................................... 13

*Marine Midland Bank, N.A. v. Miller*,
    664 F.2d 899 (2d Cir. 1981) ........................................................................................ 11

*N. Fork Partners Inv. Holdings, LLC v. Bracken*,
    No. 20-CV-2444 (LJL), 2020 WL 6899486 (S.D.N.Y. Nov. 23, 2020) ......................... 8, 9

*Prakash v. Am. Univ.*,
    727 F.2d 1174 (D.C. Cir. 1984) .................................................................................. 16, 17

*Retail Software Servs. Inc. v. Lashlee*,
 854 F.2d 18 (2d Cir. 1988) ............................................................................................... 9

*Rudersdal, EOOD v. Harris*,
 No. 18-CV-11072, 2020 WL 9815180 (S.D.N.Y. Aug. 18, 2020) ................................ 7, 8

**Statutes**

N.Y. C.P.L.R. § 301 ........................................................................................................... 9

N.Y. C.P.L.R. § 302 ..................................................................................................... 9, 14

## I.   PROCEDURAL BACKGROUND

On October 31, 2022, Plaintiff filed its operative Second Amended Complaint ("**Complaint**"). (ECF 48). In Counts I through III of the Complaint, Plaintiff sues Defendant DTH, LLC ("**DTH**") individually, and all of DTH's members under the veil-piercing or alter ego doctrine, for breach of an Asset Purchase Agreement ("**APA**") (Count I), breach of express warranties in the APA (Count II), and breach of a Restrictive Covenant Agreement ("**Restrictive Covenant**") (Count III). More specifically, Plaintiff alleges that: (1) Defendant Tomer Dicturel ("**Dicturel**") and Defendant Ryan Hickman ("**Hickman**") are the only two members of DTH; (2) Dicturel was DTH's CEO at all relevant times and had a central role in developing and marketing the software platform that is the subject of this lawsuit; and (3) based on Plaintiff's veil-piercing allegations, Dicturel and Hickman are directly liable for DTH's breaches under Counts I through III. (ECF 48 ¶¶ 3, 10, 92-118). Counts IV through VII are claims against Dicturel and Hickman directly for negligent misrepresentation (Count IV), fraudulent inducement (Count V), unjust enrichment (Count VI), and promissory estoppel (Count VII). All seven Counts of the Complaint arise from the same nucleus of operative facts—namely, Defendants' actions, omissions, and misrepresentations in connection with the transaction that is the subject of the APA and Restrictive Covenant. Indeed, each Count of the Complaint incorporates the same 126 paragraphs of allegations.

On December 19, 2022, Dicturel filed a letter requesting a pre-motion conference and permission to file a motion to dismiss Plaintiff's claims against him for alleged lack of personal jurisdiction and failure to state a claim. (ECF 57). Plaintiff filed its response to Dicturel's letter on December 22, 2022, asserting several independent grounds under which the Court can exercise personal jurisdiction over Dicturel, including because Dicturel has publicly held himself out for

decades as being located and doing business exclusively in New York and further, the separate and independent ground that DTH is the alter ego of Dicturel. (ECF 60). Dicturel filed a reply letter on December 23, 2022 (ECF 61) and Dicturel's pre-motion-to-dismiss letter remains pending. DTH filed its Answer to the Complaint on December 23, 2022. (ECF 62). DTH did not move to dismiss the veil-piercing claims (Counts I-III).

On February 3, 2023, after conferring with counsel for DTH and Dicturel, Plaintiff filed a Letter Requesting a Pre-Motion Conference Regarding Discovery Disputes, raising Dicturel's refusal to participate in any discovery until the Court resolves his forthcoming motion to dismiss. (ECF 68). A telephone conference regarding the parties' discovery disputes was held on February 27, 2023, during which the Court requested that the parties agree to a briefing schedule in connection with Plaintiff's request for jurisdictional discovery from Dicturel. Plaintiff has moved for a judicial default as to liability against Hickman, who was personally served in this case and has not appeared or defended, and therefore Plaintiff is only seeking jurisdictional discovery from Dicturel in this Motion. (ECF 70-73).

## II.     MEMORANDUM OF LAW

### A.  LEGAL STANDARD

**1. The District Court has discretion to determine whether a plaintiff is entitled to jurisdictional discovery and the plaintiff is not required to make a *prima facie* showing of personal jurisdiction.**

"It is within a district court's discretion to determine whether a plaintiff is entitled to conduct jurisdictional discovery and to 'devis[e] the procedures ... to ferret out the facts pertinent to jurisdiction.'" *Greer v. Carlson*, No. 120CV05484LTSSDA, 2020 WL 6064167, at \*6 (S.D.N.Y. Oct. 14, 2020) (alteration in original) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (cautioning that "a court should take care to give the plaintiff ample opportunity to

6

secure and present evidence relevant to the existence of jurisdiction")); *see also In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207–08 (2d Cir. 2003) ("[D]istrict court improperly denied plaintiffs the opportunity to engage in limited discovery on the question prior to dismissing [defendant].").

Jurisdictional discovery should be granted when a plaintiff has made a "sufficient start toward establishing personal jurisdiction." *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) (citation omitted). A *prima facie* showing of personal jurisdiction is not required. *Id.*; *see also Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007) (stating that it would be "legal error" for a district court to "forbid[ ] jurisdictional discovery any time a plaintiff does not make a prima facie showing of jurisdiction"); *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) *opinion clarified on denial of reconsideration*, No. 02 CIV. 6356, 2005 WL 2585227 (S.D.N.Y. Oct. 13, 2005) ("If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction discovery is appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction.").

**2. There are several independent grounds under which the District Court can exercise personal jurisdiction.**

There are several independent grounds under which the District Court can exercise personal jurisdiction. One basis for the Court to exercise personal jurisdiction is "if a court has personal jurisdiction over a defendant, it may also exercise personal jurisdiction over an alter ego defendant." *CesFin Ventures LLC v. Al Ghaith Holding Co. PJSC*, No. 121CV01395PGGSDA, 2022 WL 18859076, at *3 (S.D.N.Y. Dec. 10, 2022) (citation omitted) ("[I]t is 'well established that the exercise of personal jurisdiction over an alter ego corporation does not offend due process.'" (quoting *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010))). "The Second Circuit has long-recognized that, under certain circumstances, due process permits

courts to exercise personal jurisdiction over an individual or a corporation where such person or entity is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Rudersdal, EOOD v. Harris*, No. 18-CV-11072 (GHW) (RWL), 2020 WL 9815180, at *10 (S.D.N.Y. Aug. 18, 2020), *report and recommendation adopted in part, rejected in part*, 2020 WL 5836517 (S.D.N.Y. Sept. 30, 2020) (internal quotation omitted).

A separate and independent ground for the Court's jurisdiction is under New York's long-arm statute and constitutional standards. *See HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-CV-00967, 2021 WL 918556, at *6 (S.D.N.Y. Mar. 10, 2021) ("To determine whether the exercise of personal jurisdiction is proper in a diversity case, the Court must conduct a two-part inquiry: first, the Court looks at whether there is a basis for personal jurisdiction under the laws of the forum state, and second, the Court must examine whether the exercise of personal jurisdiction comports with constitutional due process."). "New York's general jurisdiction statute provides for jurisdiction over 'persons, property, or status as might have been exercised heretofore.'" *N. Fork Partners Inv. Holdings, LLC v. Bracken*, No. 20-CV-2444 (LJL), 2020 WL 6899486, at *5 (S.D.N.Y. Nov. 23, 2020) (quoting N.Y. C.P.L.R. § 301)). "A defendant is subject to personal jurisdiction if it is engaged in such a continuous and systematic course of doing business [in New York] as to warrant a finding of its presence in this jurisdiction." *Id.* (alteration in original) (internal quotations omitted). "The second part of the jurisdictional analysis asks whether the assertion of personal jurisdiction comports with traditional notions of fair play and substantial justice—that is, whether it is reasonable under the circumstances of the particular case." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002) (internal quotation omitted) ("[Firm's] maintenance, and frequent use of, its apartment in Manhattan, together with the sizable

8

revenue it earns from international clients, certainly belies any claim that the exercise of jurisdiction by New York will impose an undue burden on the firm.").

New York's specific jurisdiction statute states, in relevant part, that "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent":

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act . . . .

*N. Fork Partners Inv. Holdings, LLC*, 2020 WL 6899486, at *5–6 (quoting N.Y. C.P.L.R. § 302(a)). "Unlike CPLR § 301, CPLR § 302 allows courts to exercise specific jurisdiction over corporate principals based on transactions made or acts taken in a corporate capacity." *Id.* at *6. (citation omitted); *see also see Retail Software Servs. Inc. v. Lashlee,* 854 F.2d 18, 22 (2d Cir. 1988) (upholding long-arm jurisdiction over corporate employees who were the "primary actors" in the transaction in New York that was the source of the litigation (citation omitted)).

The establishment of personal jurisdiction under any one of the aforementioned independent bases is sufficient to confer jurisdiction against the same defendant as to all claims in the action that arise from the same nucleus of operative facts. *See, e.g.*, *N. Fork Partners Inv. Holdings, LLC*, 2020 WL 6899486, at *12 ("While the traditional application of pendent personal jurisdiction applies when the anchor claim is federal and the pendent claim is a state law claim, the 'Second Circuit has endorsed extending the doctrine to instances where both the anchor and pendent claims are state law claims.'" (quoting *Truck-Lite Co., LLC v. Grote Indus., Inc.*, 2019 WL 3714599, at *7 (W.D.N.Y. Apr. 2, 2019)).

### III.  ARGUMENT

There are several independent grounds under which the Court can exercise personal jurisdiction over Dicturel. First, Plaintiff has sufficiently alleged, for purposes of establishing jurisdiction over Dicturel, that DTH is the alter ego of Dicturel and therefore the corporate veil of DTH may be pierced, which confers jurisdiction over Dicturel as to all of Plaintiff's claims against him. In fact, even if the Court finds that additional allegations are necessary to establish jurisdiction under the veil-piercing doctrine—which itself is a lower standard than what is needed to actually pierce the corporate veil for liability purposes—Plaintiff is still entitled to jurisdictional discovery because it has made a sufficient start toward establishing jurisdiction under the veil-piercing or alter ego theories. Second, even if the Court were to determine that Plaintiff is not entitled to jurisdictional discovery based on its veil-piercing claims, the Court should still allow jurisdictional discovery in order to determine whether Dicturel is subject to the Court's jurisdiction under New York's long-arm statute—based on general or specific jurisdiction.

**A. Plaintiff has, at a minimum, made a sufficient start toward establishing the Court's personal jurisdiction over Dicturel under the veil-piercing or alter ego doctrines, and jurisdictional discovery will aid the Court in its analysis of Dicturel's forthcoming motion to dismiss.**

Plaintiff believes it has sufficiently alleged a basis for finding that Dicturel is subject to the Court's personal jurisdiction without the need for additional discovery, pursuant to its veil-piercing allegations. *See* ECF 48 ¶¶ 3, 92-118. In fact, the standard for finding that a defendant is subject to jurisdiction as an alter ego of an entity he controls, as is the case here, is lower than the separate standard for alleging and finding that an entity is actually subject to veil-piercing and that its members are liable. *See CesFin Ventures LLC*, 2022 WL 18859076, at *4 ("Under both New York law and federal common law, exercise of personal jurisdiction over an alleged alter ego requires application of a 'less onerous standard' than that necessary for equity to pierce the corporate veil

QB\79055147.3

for liability purposes." (quoting *D. Klein & Son, Inc. v. Good Decision, Inc.*, 147 F. App'x 195, 196 (2d Cir. 2005))). New York law and federal due process jurisprudence should apply to determine whether Dicturel is subject to this Court's jurisdiction. While federal courts usually find that the law of the corporation's state of incorporation governs when deciding which law to apply to an alter ego analysis, "[o]ther courts have disagreed, distinguishing the analysis for 'alter ego' liability and for 'alter ego' jurisdiction, and finding that because 'alter ego' jurisdiction is either a construction of the statute providing jurisdiction or is part of due process (or both), for a jurisdictional veil piercing analysis, courts should apply either the law governing the interpretation of the jurisdictional statute or federal due process jurisprudence, or both.'" *Id.* (quoting *In re Lyondell Chem. Co.*, 543 B.R. 127, 139 n.38 (S.D.N.Y. 2016)); *see also Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981) (noting that for jurisdictional purposes, unlike for liability purposes, use of control to commit a fraud or wrong is not required). Therefore, because Plaintiff has sufficiently alleged veil-piercing for jurisdictional purposes, and because doing so is sufficient to establish jurisdiction over Dicturel on all of Plaintiff's related claims against him, additional discovery is not needed.

However, if the Court finds otherwise—*i.e.*, that additional jurisdictional allegations are necessary—then, at a minimum, Plaintiff is entitled to jurisdictional discovery, including on its veil-piercing allegations. Plaintiff is entitled to jurisdictional discovery because it has made a "sufficient start" in establishing that the Court has personal jurisdiction over Dicturel—because he is the alter ego of Defendant DTH, which is undisputedly subject to the Court's jurisdiction—and therefore Plaintiff is entitled to jurisdictional discovery. *See City of Almaty,* 278 F. Supp. 3d at 809; *CesFin Ventures LLC*, 2022 WL 18859076, at *3. Particularly, Plaintiff alleges that at all relevant times, Dicturel was one of only two members of DTH, and that Dicturel and DTH operated

11

as a single economic entity, including through Dicturel's control and ownership of DTH. (ECF 48 ¶¶ 3, 100). Plaintiff also alleges that: (1) based on records provided to Plaintiff, Dicturel commingled his personal assets and those of DTH by freely transferring money between his personal bank accounts, the bank accounts of his other entities, and DTH's bank account (*id.* at ¶¶ 102, 113); (2) DTH failed to observe any corporate formalities, including but not limited to its failure to pay taxes during all relevant times (*id.* at ¶¶ 103-106); and (3) DTH was otherwise a sham entity existing only to shield Dicturel from liability (*id.* at ¶¶ 106-115).

Furthermore, through recent formal discovery with DTH, Plaintiff has learned additional information that supports a finding of personal jurisdiction over Dicturel based on a veil-piercing or alter ego theory. For example, Plaintiff has determined from representations made and documents produced by DTH that: (1) DTH did not file taxes for at least the last three years, which includes 2020, the year that Plaintiff paid DTH $300,000 for the transaction underlying this lawsuit; (2) DTH has not maintained any corporate or meeting minutes during the relevant timeframe; (3) DTH's financial records show that DTH was knowingly and intentionally paying for Dicturel's personal expenses and expenses for his other entities and businesses, including their Google Gsuite accounts; (4) before the subject transaction, Dicturel admitted that a significant portion of DTH's expenses were in fact made for his personal use; (5) Dicturel repeatedly used DTH's funds for personal expenses, including as reflected by reoccurring transactions between DTH's bank account and an account presumed to belong to Dicturel and DTH's bank statement for September 01, 2021 through September 30, 2021 showing an electronic withdrawal by Tomer Dicturel for "Tenaflyhigh," which appears to be a high school in Tenafly, New Jersey where Mr. Dicturel purports to reside, and which is outside the scope of DTH's business; (6) in a recent and continued attempt to avoid personal liability for his actions and omissions through DTH, Dicturel

12

removed himself as a member of DTH and instead gave his LLC, Dicturel, LLC (a New York limited liability company), his 50% ownership stake; and (7) DTH's financial records strongly indicate that Dicturel freely transferred assets to and from DTH's bank account and his personal bank account(s). Many of these same factors have been found by this Court to be sufficient to plead that an entity's veil should be pierced for liability purposes, which certainly means they are sufficient under the "less onerous standard" to establish personal jurisdiction. *See CesFin Ventures LLC*, 2022 WL 18859076, at *3-6. Discovery between Plaintiff and DTH is ongoing and likely to produce additional support for Plaintiff's veil-piercing allegations. *See Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 988 (S.D.N.Y. 1992) (denying motion to dismiss for lack of personal jurisdiction and allowing jurisdictional discovery because "jurisdictional discovery may shed light on such issues as the defendant's control over the corporation and his alleged manipulation of corporate assets which will be relevant to plaintiff's jurisdictional theories of agency and piercing the corporate veil"). Through jurisdictional discovery, Dicturel can readily shed light on Plaintiff's veil-piercing allegations, which are sufficient on their own to establish personal jurisdiction. For example, Dicturel can easily confirm whether DTH's bank transfers through 2019 and 2020 were to and/or from other entities, his personal accounts, or for personal expenses. Therefore, the Court should grant Plaintiff's request for jurisdictional discovery in connection with Plaintiff's veil-piercing claims.

**B. Jurisdictional discovery will also aid the Court in analyzing whether it has personal jurisdiction over Dicturel independent of Plaintiff's veil-piercing claims.**

Jurisdictional discovery should be granted here because it will aid the Court in making the determination of whether it has personal jurisdiction over Dicturel, independent of whether it has personal jurisdiction under the veil-piercing doctrine. *Greer*, 2020 WL 6064167, at *6 ("It is within a district court's discretion to determine whether a plaintiff is entitled to conduct jurisdictional

discovery and to devis[e] the procedures ... to ferret out the facts pertinent to jurisdiction." (alteration in original) (internal quotation omitted)); *Daventree Ltd.*, 349 F. Supp. 2d at 765 (jurisdictional discovery is appropriate where "the question of [] jurisdiction cannot be resolved on the pleadings and affidavits alone"). The Northern District of New York has elaborated on the purpose and benefits of jurisdictional discovery to aid a Court in deciding a motion to dismiss based on purported lack of personal jurisdiction:

> The facts relevant to whether any defendants have an office, employees and/or bank accounts in New York or other contacts with New York are clearly within the control of defendants. Defendants also may have within their control evidence pertinent to whether plaintiff's claims arise from any business transacted by defendants within New York or any contract to supply services in New York. *See* N.Y.C.P.L.R. 302(a)(1). Likewise, defendants have within their control evidence pertinent to whether defendants regularly do or solicit business, engage in a persistent course of conduct, or derive substantial revenue from services rendered in New York, and defendants may have evidence regarding whether plaintiff's claims arise from a tortious act without the state causing injury within the state. *See* N.Y.C.P.L.R. 302(a)(3). Moreover, any such evidence will likely be relevant on the question of whether this Court's exercise of jurisdiction over the defendants would offend due process.

*Browning v. Lewis*, No. 5:04-CV-01312, 2005 WL 3591863, at *1 (N.D.N.Y. Dec. 30, 2005). Even without the benefit of discovery from Dicturel, Plaintiff has identified various grounds for the Court's exercise of jurisdiction him. *See* ECF 60 (Plaintiff's response to Dicturel's letter requesting permission to file a motion to dismiss); *see also supra,* § II.A.2. In this case, jurisdictional discovery will aid Plaintiff, and more importantly, the Court, in determining whether Dicturel is subject to general and/or specific personal jurisdiction. Since filing the Complaint, through formal discovery and informal investigation, Plaintiff has obtained information for, at a minimum, a sufficient start to establishing Dicturel's contacts with New York. However, jurisdictional discovery is necessary here because Dicturel is the only party who possesses information regarding the extent of his contacts with New York, including in connection with Plaintiff's claims.

Particularly, discovery thus far makes clear that DTH was located in New York at all times relevant for Plaintiff's claims. The APA and Restrictive Covenant, which Dicturel negotiated and signed on behalf of DTH as its "CEO," contain a forum provision dictating that lawsuits between Plaintiff and DTH in connection with those agreements must be litigated in New York County, New York. (ECF 48 ¶ 7, Ex. 1 § 8.6, Ex. 2 § 5). At all relevant times, Plaintiff, including each of its members, were located in Florida and had no connections to New York. Thus, Dicturel negotiated for and chose New York as the governing forum for the subject agreements because that is where DTH's offices were located and where Dicturel conducted business, including for the marketing and sale of the software platform that is the subject of this lawsuit in late 2020. Furthermore, DTH's bank statements produced to Plaintiff reflect that DTH was paying for a New York E-ZPass, and other expenses in New York, at least several times a month throughout 2020. Yet, Dicturel has argued that he is not subject to the Court's jurisdiction because "New York City was virtually closed for business during the relevant period due to the Covid pandemic" and "[l]ike millions of others, Mr. Dicturel did his work from home, which was indisputably New Jersey." (ECF 57 p. 1-2). Dicturel does not suggest that DTH had any employees or members other than himself that were traveling to New York during that time that would incur expenses in New York. But Dicturel is now taking the position that he did not conduct any business in New York during the negotiation and sale of the subject platform, even though Dicturel chose New York as the governing forum in late 2020 and even though Dicturel has been publicly holding himself out as being located and conducting business exclusively in New York for decades. *See, e.g.,* ECF 60 p. 2 (noting that "[f]or nearly two decades, [Dicturel] has publicly held himself out to be located and employed in New York, including during the Covid pandemic" and providing a handful of publicly-available examples of same). Moreover, it is undisputed, based on documents provided

15

by DTH, that during all relevant times Dicturel primarily communicated with Plaintiff through an EpicAi e-mail account, which is another entity owned and managed by Dicturel. Not only do DTH's bank statements demonstrate that DTH was paying for EpicAi's expenses throughout 2019 and 2020, but EpicAi is publicly identified as maintaining an office in New York since 2019. The only purported connection between Dicturel and New Jersey is that Dicturel owns real property in Tenafly, New Jersey, but Dicturel has otherwise publicly represented that he has been employed or been conducting business in New York, and indeed only in New York, for decades.

Given that only Dicturel possesses the information to permit the Court to make a full and fair determination of his contacts with New York, both generally and in connection with Plaintiff's claims, jurisdictional discovery is warranted. Moreover, such information regarding Dicturel's contacts with New York is readily available to Dicturel and will not impose any undue burden. For example, Plaintiff is unaware of (1) where Dicturel resided at all relevant times; (2) where Dicturel owned or owns real property; (3) where Dicturel was/is employed and/or conducted/conducts business and for what timeframes; (4) whether Dicturel worked out of DTH's office(s) in New York in 2020 when Dicturel and Plaintiff were negotiating the APA and Restrictive Covenant; (5) whether Dicturel commuted to any other New York office or location in 2020 when Dicturel and Plaintiff were negotiating the APA and Restrictive Covenant; and (6) whether Dicturel otherwise marketed and/or negotiated the sale of the subject software platform in New York. In this case, judicial economy weighs in favor of permitting targeted jurisdictional discovery to allow the Court to "ferret out the facts pertinent to jurisdiction," which will aid the Court in its resolution of Dicturel's forthcoming motion to dismiss, without requiring further amendment to the Complaint and without further delay in this case. *See Greer*, 2020 WL 6064167, at *6 (citing *Prakash v. Am. Univ.*, 727 F.2d 1174, 1179-80 (D.C. Cir. 1984) (noting that a court

"has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction" and must afford "an ample opportunity to secure and present evidence relevant to the existence of jurisdiction.")).

## IV.  CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant this Motion, permit Plaintiff to conduct jurisdictional discovery in connection with the Court's jurisdiction over Defendant Tomer Dicturel, and for any other relief the Court deems proper.

QUARLES & BRADY LLP

By: /s/ *Gabriela N. Timis*
  Joseph T. Kohn, Esq.
  SBN 5001136
  Gabriela N. Timis, Esq.
  (*Admitted Pro Hac*)
  1395 Panther Lane, Suite 300
  Naples, FL  34109
  Tel.: (239) 659-5028
  Fax: (239) 213-5426
  joseph.kohn@quarles.com
  gabriela.timis@quarles.com
  debra.topping@quarles.com
  kerlyne.luc@quarles.com
  docketfl@quarles.com

    and

John R. Remington
(*Admitted Pro Hac*)
411 East Wisconsin Avenue, Suite 2400
Milwaukee, Wisconsin 53202
Tel.: (414) 277-3087
Fax: (414) 978-8897
john.remington@quarles.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served upon the following counsel of record via ECF on March 28, 2023:

Steven S. Fitzgerald, Esq.
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, NY 10110
sfitzgerald@wmd-law.com
*Counsel for Defendants DTH, LLC
and Tomer Dicturel*

                                                      /s/ *Gabriela N. Timis*
                                                      Attorney