USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wilson & Wilson Holdings LLC,

                      Plaintiff,

-against-

DTH, LLC et al.,

                      Defendants.

1:22-cv-02941 (PGG) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court are a Letter Motion by Plaintiff Wilson & Wilson Holdings LLC ("Plaintiff" or "W&W") seeking to compel discovery from Defendant Tomer Dicturel ("Dicturel") (Pl.'s 2/3/23 Ltr. Mot., ECF No. 68), a motion by Plaintiff for jurisdictional discovery (Pl.'s 3/28/23 Not. of Mot., ECF No. 86) and a cross-motion by Defendants DTH, LLC ("DTH") and Dicturel (collectively, "Defendants") for a protective order, pursuant to Federal Rule of Civil Procedure 26(c), precluding discovery from Dicturel prior to a determination on his anticipated motion to dismiss. (Defs.' 4/18/23 Not. of Cross-Mot., ECF No. 90.) For the reasons set forth below, Plaintiff's motion to compel and motion for jurisdictional discovery are GRANTED IN PART and DENIED IN PART, and Defendants' cross-motion for a protective order is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This action arises from the purchase by W&W from DTH of certain assets pursuant to a Technology Assets Purchase Agreement ("Agreement"). (Second Am. Compl. ("SAC"), ECF No. 48, at 1 & Ex. 1 (ECF No. 48-1).) Dicturel, who resides in New Jersey, was CEO of DTH. (SAC ¶¶ 4, 10.)

1

W&W alleges that the assets it purchased were "ultimately worthless" and that they were wrongfully induced by Dicturel and another defendant, Ryan Hickman ("Hickman"),[1] to enter into the Agreement. (*See* SAC at 1-3, ¶¶ 99, 158, 173.) W&W brings claims against DTH, Dicturel and Hickman for breach of contract, breach of express warranty, negligent misrepresentation, fraudulent inducement, unjust enrichment and promissory estoppel. (SAC ¶¶ 127-92.)

On December 19, 2022, Dicturel filed a letter requesting a pre-motion conference and permission to file a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction and, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Defs.' 12/19/22 Ltr., ECF 57.) Because Dicturel took the position that he was not required to participate in any discovery, including any jurisdictional discovery, until the Court resolved the jurisdictional question, Plaintiff on February 3, 2023 filed its Letter Motion seeking to compel discovery from Dicturel. (Pl.'s 2/3/23 Ltr. Mot. at 2.) On February 10, 2023, this action was referred to the undersigned for general pretrial purposes and to resolve the dispute regarding discovery from Dicturel. (Order of Ref., ECF No. 75.)

Following a telephone conference with the Court and an Order setting forth a briefing schedule, Plaintiff filed its motion for jurisdictional discovery and Dicturel filed his cross-motion for a protective order and those motions have been fully briefed.

---

[1] Hickman has failed to appear in this action and a Clerk's Certificate of Default was entered against him on December 8, 2022. (Cert. of Default, ECF No. 56.)

**LEGAL STANDARDS**

I.      **Personal Jurisdiction**

"[R]esolution of a [Rule 12(b)(2)] motion to dismiss for lack of personal jurisdiction made in the Southern District of New York requires a two-step analysis." *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant," such as under the New York general jurisdiction statute and the long-arm statute. *See id*. Second, if such a basis for jurisdiction exists, the court must then determine whether the extension of jurisdiction is permissible under the Due Process Clause of the Fourteenth Amendment. *See id*.

New York's general jurisdiction statute provides for jurisdiction over "persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. A defendant is subject to personal jurisdiction if he or it is "engaged in such a continuous and systematic course of 'doing business' [in New York] as to warrant a finding of [his or] its 'presence' in this jurisdiction." *Laufer v. Ostrow*, 55 N.Y.2d 305, 310 (1982) (quoting *McGowan v. Smith*, 52 N.Y.2d 268, 272 (1981)). However, an employee who is engaged in business in the state "does not subject himself, individually, to the CPLR 301 jurisdiction of [New York] courts unless he is doing business in our State individually." *Id*. at 313; *see also Wallace Church & Co. Inc. v. Wyattzier, LLC*, No. 20-CV-01914 (CM), 2020 WL 4369850, at *5 (S.D.N.Y. July 30, 2020) (holding that jurisdiction under CPLR § 301 did not lie where conduct of individual defendants in New York was within their role as corporate principals); *Brinkmann v. Adrian Carriers, Inc*., 29 A.D.3d 615, 617 (2d Dep't 2006) ("An individual cannot be subject to jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather than on behalf of a corporation.").

New York's long-arm jurisdiction statute states that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent":

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

Finally, "due process requires . . . that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citation omitted).

II.  **Jurisdictional Discovery**

A court may order jurisdictional discovery where, "even if [a] plaintiff has not made a *prima facie* showing [of jurisdiction, it has] made a sufficient start toward establishing personal jurisdiction." *City of Almaty v. Ablyazov*, 278 F. Supp. 3d 776, 809 (S.D.N.Y. 2017) (internal quotation marks omitted). "If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a *prima facie* showing as to the

existence of jurisdiction." *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 207-08 (2d Cir. 2003)); *see also Ehrenfeld v. Mahfouz*, 489 F.3d 542, 550 n.6 (2d Cir. 2007) (stating that it would be "legal error" for district court to "forbid[ ] jurisdictional discovery any time a plaintiff does not make a *prima facie* showing of jurisdiction").

"A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotation marks and citation omitted).

## DISCUSSION

### I.  Grant Of Jurisdictional Discovery

Plaintiff has made a sufficient start towards establishing that personal jurisdiction exists over Dicturel in this Court. Although Dicturel is a resident of New Jersey (*see* Dicturel Decl., ECF No. 92, ¶ 16), there is evidence before the Court that he regularly does business in New York. As Plaintiff states in its letter to the Court in response to Dicturel's pre-motion conference letter with respect to his anticipated motion to dismiss for lack of personal jurisdiction, in support of Plaintiff's assertion that the Court has general jurisdiction over Dicturel pursuant to CPLR § 301, "[f]or nearly two decades, [Dicturel] has publicly held himself out to be located and employed in New York, including during the Covid pandemic." (Pl.'s 12/22/22 Ltr., ECF No. 60, at 2.) In support of this statement, Plaintiff cites to numerous public sources, including Dicturel's own website. (*See id*. at 2 n.1.) Indeed, the Court notes that Dicturel's website still lists his business address as "535 Fifth Avenue, 16th floor, New York, New NY 10017." (*See* https://www.tomerdi.com/ (last accessed May 15, 2023).)

Dicturel's declaration in opposition to Plaintiff's motion for jurisdictional discovery and in support of his cross-motion for a protective order is focused on his lack of physical presence in the State of New York. (*See* Dicturel Decl. ¶¶ 16-19.) However, for purposes of personal jurisdiction analysis, physical presence in the forum state is not an absolute requirement. *Cf. Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted."). Especially in our post-pandemic world, business in New York often is done remotely. There is at least some evidence in the record before the Court that Dicturel engaged in a continuous and systematic course of doing business in New York, even though he may not have been physically present in New York since September 2019 for most of the time.

The Court recognizes that, even with jurisdictional discovery, Plaintiff may not be able to make out a *prima facie* case for personal jurisdiction over Dicturel.[2] Nevertheless, the Court has discretion to order discovery on the jurisdictional issue since Plaintiff has made a threshold showing of jurisdiction and Plaintiff's position is not frivolous. *See Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05-CV-02744 (KMK), 2007 WL 3378256, at *6-7 (S.D.N.Y. Nov. 9, 2007). Accordingly, the Court grants the jurisdictional discovery set forth below.

---

[2] *See Reich v. Lopez*, 38 F. Supp. 3d 436, 457 (S.D.N.Y. 2014) (absent exceptional circumstances, court's general jurisdiction over individual is determined by domicile).

II. **Scope Of Jurisdictional Discovery**

Plaintiff seeks discovery of jurisdictional facts regarding Dicturel, as well as discovery relating to Plaintiff's veil-piercing theory of personal jurisdiction against Dicturel. (*See* Pl.'s 3/28/23 Mem., ECF No. 87, at 10-17.) As set forth below, the Court finds, in its discretion, that Plaintiff is entitled to discovery of jurisdictional facts regarding Dicturel, but is not entitled to discovery as to his veil-piercing theory.

In determining the scope of the jurisdictional discovery to permit, the Court is mindful of the need for relevance and proportionality; that is, the discovery permitted must be relevant and proportional to the current needs of the case. *See Carl v. Edwards*, No. 16-CV-03863 (ADS) (AKT), 2017 WL 4271443, at *9 (E.D.N.Y. Sept. 25, 2017) (court has "duty to ensure, in accordance with Rule 26(b)(1) that the discovery sought by Plaintiff—even in the limited jurisdictional context—is both relevant and proportional in light of the particular facts and circumstances of this case").

Plaintiff is entitled to discovery of jurisdictional facts regarding Dicturel. Such discovery is relevant for the reasons set forth in Discussion Section I, *supra*. Thus, Plaintiff is entitled to take discovery from Dicturel relating to the business conducted by Dicturel in New York, as well as his contacts with New York. In order to assure proportionality, Plaintiff may serve up to 10 targeted document requests on these topics and may take Dicturel's deposition for a period not to exceed four hours.

Plaintiff, however, is not entitled to discovery regarding his veil-piercing theory since he has not pled a plausible basis to pierce the corporate veil of DTH. Plaintiff's veil-piercing theory is based upon an incorrect premise. Specifically, Plaintiff alleges in his SAC: "To prevail on an alter ego theory, there is no requirement of a showing of fraud." (SAC ¶ 98.) However, the law in

7

Delaware (where DTH was formed (SAC ¶ 2)) and New York (which provides the law governing the Agreement (SAC, Ex. 1, § 8.6)) is otherwise. Under Delaware law, "[t]o state a veil-piercing claim, the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Doberstein v. G-P Indus., Inc.*, No. CV 9995-VCP, 2015 WL 6606484, at *4 (Del. Ch. Oct. 30, 2015) (internal quotation marks and citation omitted). Similarly, under New York law, "a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Caro Cap., LLC v. Koch*, No. 20-CV-06153 (LJL), 2023 WL 1103668, at *7 (S.D.N.Y. Jan. 30, 2023) (quoting *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018)).[3]

Because Plaintiff has not plausibly alleged that DTH was created and/or used for the purpose of defrauding them, they do not have a viable veil-piercing theory. Thus, Plaintiff is not entitled to discovery on that theory.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel and motion for jurisdictional discovery (ECF Nos. 68 & 86) are GRANTED IN PART and DENIED IN PART, and Defendants' cross-motion for a protective order (ECF No. 90) is GRANTED IN PART and DENIED IN PART. No later than May 24, 2023, Plaintiff may serve up to 10 document requests upon Dicturel, as set forth

---

[3] To the extent that Defendants suggest that the veil-piercing law materially differs between Delaware and New York (*see* Defs.' 5/12/23 Reply, ECF No. 96, at 7), they are mistaken.

above. Dicturel shall produce responsive documents no later than June 14, 2023. Dicturel's deposition shall be concluded by June 30, 2023.

**SO ORDERED.**

Dated:     New York, New York
           May 15, 2023

_____
STEWART D. AARON
United States Magistrate Judge