UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILSON & WILSON HOLDINGS LLC,

                Plaintiff,

        -against-

DTH, LLC et al.,

                Defendants.

22-CV-2941 (JGLC) (SDA)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On May 19, 2023, Plaintiff's counsel of record, Joseph Kohn, John Remington, Gabriela Timis and Kirti Reddy, of the law firm of Quarles & Brady LLP, moved to withdraw as counsel for Plaintiff, Wilson & Wilson Holdings LLC, in the above-captioned matter. *See* ECF No. 99. Accordingly, on May 22, 2023, Magistrate Judge Stewart D. Aaron directed Plaintiff to serve any response to the motion by its counsel to withdraw by June 21, 2023 and advised Plaintiff that an LLC cannot appear *pro se*. *See* ECF No. 102 ("May 2023 Order"). The May 2023 Order made clear that if Plaintiff's attorneys were permitted to withdraw and no successor counsel later appeared, then Plaintiff's case could be dismissed for failure to prosecute. *Id.*

On June 23, 2023, Magistrate Judge Aaron granted Plaintiff's counsel motion to withdraw, noting that the Court had not received a response to the motion from Plaintiff. *See* ECF No. 104 ("June 2023 Order"). The Court ordered Plaintiff to secure new counsel within thirty days, by July 24, 2023, and again reminded Plaintiff that an LLC cannot appear *pro se* and that failure to appear through counsel may result in the action being dismissed. *Id*.

The deadline set in the June 2023 Order has since elapsed, and no successor counsel has appeared on behalf of Plaintiff. Nor has Plaintiff filed a letter or made any attempt to communicate with the Court regarding its intent to retain counsel.

A corporate entity cannot appear other than through counsel. *See Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir.1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."); *Lattanzio v. Comta,* 481 F.3d 137, 139 (2d Cir.2007) (A "limited liability company must be represented by counsel to appear in federal court."). Where, as here, a plaintiff corporation has been repeatedly warned that its claims will be dismissed absent retention of counsel, and it has failed to appear through counsel, dismissal is appropriate. *See, e.g.*, *Liberty Synergistics, Inc. v. Microflo, Ltd.*, No. 11-CV-523 (JMA) (SIL), 2017 WL 9512403, at *2 (E.D.N.Y. May 11, 2017), *report and recommendation adopted*, 2017 WL 4119268 (E.D.N.Y. Sept. 18, 2017) (dismissing corporate plaintiff's claims under Fed. R. Civ. P. 41(b) where it had failed to appear through counsel).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Because the Court has not received any response from Plaintiff that it intends to retain counsel in this case, the instant action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

Dated: August 2, 2023
      New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge